IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Criminal Action No. 05-cr-00044-PSF

UNITED STATES,

v.

JESUS SALAZAR-ALPIZAR,

    Defendant.

---

ORDER CONSTRUING LETTER AS MOTION FOR
REDUCTION OF SENTENCE AND DENYING MOTION

---

    Defendant Jesus Salazar-Alpizar has filed a letter with the Court requesting a reduction of sentence (Dkt. # 37).  Thus, the Court will construe the letter as a motion for reduction of sentence.  In the motion, defendant requests that the Court forgive him, have mercy on him, and accept his admittance of his errors in judgment and in his life.  Defendant further asserts that he has two daughters whom he loves very much, misses dearly, and worries about their welfare.  He also states that he is concerned about his wife and his two sons in Mexico.

    "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997), *cert. denied*, 522 U.S. 961 (1997) (citing *United States v. Blackwell*, 81 F.3d 945, 947-48, 949 (10th Cir. 1996)).  Because defendant's motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, "the viability of [defendant's] motion depends entirely upon" 18 U.S.C. § 3582(c).

*United States v. Trujeque,* 100 F.3d 869, 870 (10th Cir. 1996).  Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances. 18 U.S.C. § 3582(c); *see United States v. Blackwell,* 81 F.3d at 947-48.  First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist.  18 U.S.C. § 3582(c)(1)(A)(i), (ii).  Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* § 3582(c)(1)(B).  Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Because none of the above-listed circumstances exist in defendant's case, the motion must be denied. Accordingly, it is

    ORDERED that defendant's letter, filed May 1, 2006, construed as a motion for reduction of sentence, is DENIED.

    DATED: June 5, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge